UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRANCE J. GOLDEN ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 1:20-CV-457-HAB |
| ) | |
| INSCCR, WI SCTF, Allen County ) | |
| Child Support Division, Honorable Nicholas ) | |
| Schirall, Magistrate Catherine Cara,[1] ) | |
| Attorney Nunster, Attorney Kelly Gibson, ) | |
| Kenneth Bayonk, Illinois State Police ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Terrance J. Golden, proceeding pro se, filed a Civil Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 against various agencies, judges, law enforcement officers and attorneys asserting violations of the Fifth, Ninth, and Fourteenth Amendments to the United States Constitution. Plaintiff also filed a Motion to Proceed in Forma Pauperis ("IFP") (ECF No. 2). For the reasons set forth below, the Plaintiff's Motion for Leave to Proceed IFP is DENIED. The Plaintiff's Complaint as currently constituted fails to state a claim for relief and is DISMISSED. Plaintiff is GRANTED additional time to amend his Complaint, accompanied either by the statutory filing

---

[1] Plaintiff's handwritten complaint is difficult for the Court to discern, especially with regard to the names of the Defendants. After listing Attorney Nunster's name, Plaintiff lists what appears to be an attorney number, 20643-45. This attorney number is assigned to Catheron Paras, who is a Magistrate in the Lake County Superior Court. https://courtapps.in.gov/rollofattorneys/search. The Court assumes this is the Magistrate that the Plaintiff is attempting to sue and which the Court interpreted as Catherine Cara. A name search does not reveal an Attorney Nunster licensed in Indiana. As for the Honorable Nicholas Schirall, this should be the Honorable Nicholas Schiralli, also a judge in the Lake Superior Court. Attorney Kelly Gibson is properly listed along with her attorney number.

fee or another Motion to Proceed *in forma pauperis*.[2] If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

**A.     Discussion**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a).

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and

---

[2] Although both Plaintiff's signed complaint and his request to proceed *in forma pauperis* are file-stamped December 10, 2020, the Plaintiff has post-dated both documents with a date of January 1, 2021. If Defendant opts to amend his complaint and file a new *in forma pauperis* request, he should be certain to properly date the documents.

must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff's Complaint offers little in the way of a factual basis to support his claims. It appears that Plaintiff is attempting to sue for various actions taken against him with regard to delinquent child support and fees, some sort of ticket (perhaps traffic), "failure to file insurance," and "DWI Endangerment/Chemical Test refusal." (ECF No. 1 at 3). Other than this list accompanied by a general claim that somehow a violation of his Constitutional rights occurred, there are no additional facts alleged in the Complaint as to the "who, what, when, where, and how" these violations occurred. Attached to the Complaint is a several paragraph document containing case law and references to various Constitutional provisions, but this document makes no reference whatsoever to any of the defendants or their actions. Also attached to the Complaint is a letter from the Indiana Child Support Bureau titled "Annual Support Fee Notice" showing a past due balance for the Plaintiff of $55.00 and a current amount due of $55.00 for a total of $110.00 in annual fees owed.

To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S. at 556).

The Plaintiff's Complaint is clearly lacking facial plausibility. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.,* 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009)). However, certain individuals are immune from suit under § 1983. Judges are such individuals; they "cannot be sued for damages under § 1983 … for judicial actions, even if the judge commits a procedural error or acts in excess of authority, unless the judge acts in clear absence of jurisdiction." *Da Vang v. Hoover*, 478 Fed. App'x 326, 327 (7th Cir. 2012); *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). Here, Magistrate Paras and Judge Schiralli are immune from suit to the extent the Plaintiff asserts claims based on their judicial actions. Morever, both these judges are in Lake County, Indiana, which is in the Hammond Division of the Northern District of Indiana so suit against them is improper here.[3]

Similarly, to the extent the Plaintiff is attempting to sue the State of Indiana or the Allen County Child Support Division, the Eleventh Amendment bars suits against state agencies unless a state has waived sovereign immunity. *Sellers v. Allen County Child Support Div.,* No. 1:04 CV 478 TLS, 2005 WL 1140699 (May 13, 2005) ("the Allen County Child Support Division (a division of the Allen County Prosecutor's Office) are all state agencies…"). Thus, at least on its face, the Plaintiff's Complaint fails to state a claim against these entities.

As for the remaining Defendants, the Court is at a loss. The Court has no idea what agency is referenced as INSCCR or what the WI SCTF might be. There are no facts identifying how anyone related to these entities ran afoul of the Constitution, harmed the Plaintiff, or how venue is

---

[3] Attorney Gibson is an attorney in Crown Point, Indiana which is also located in the Hammond Division of the Northern District of Indiana.

proper in this Court. The Court presumes that the ISP officer is from the Illinois State Police rather than the Indiana State Police due to the Illinois address provided by Plaintiff in the Complaint; but, it is just that, a guess. So too is the Court left to guess how this officer is alleged to have violated the Plaintiff's constitutional rights or how any allegations occurring in Illinois would be redressable in the Fort Wayne Division of the Northern District of Indiana. For all the above reasons, the Court DISMISSES Plaintiff's Complaint (ECF No 1).

Nevertheless, the Seventh Circuit instructs that it is necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). Although this is unnecessary where the amendment would be futile, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009), and the Court thinks it is likely futile here, out of an abundance of caution, the Court shall permit the Plaintiff one opportunity to amend his Complaint. Should he file an Amended Complaint, the Plaintiff should include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. Plaintiff is advised that claims against judicial officers, state agencies, or others that have immunity from suit should not be included in his Amended Complaint. Plaintiff should also provide a factual basis sufficient to show that a substantial amount of the events giving rise to his claim occurred within the Fort Wayne Division of the Northern District of Indiana. Accordingly, for this and the other reasons articulated above, the Court:

(1) **DISMISSES** the Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B) because the Complaint does not state a claim;

(2) **DENIES** the Motion for Leave to Proceed in forma pauperis (ECF No. 2); and

(3) **GRANTS** the Plaintiff until January 15, 2021, to file an amended complaint, accompanied by a new Motion to Proceed *in forma pauperis* **or** the filing fee; and

5

(4)  **CAUTIONS** Plaintiff that if he does not respond by the above deadline, this case will be closed without further notice.

SO ORDERED on December 15, 2020.

                                         s/ *Holly A. Brady*
                                         JUDGE HOLLY A. BRADY
                                         UNITED STATES DISTRICT COURT